TEMPLE COMPANY, TO THE USE OF SMITH, v. PENN MUTUAL LIFE INSURANCE COMPANY.

Argued November 5, 1902—Decided February 24, 1903.

1. When goods are left by the owner in a building lawfully in possession of the defendant, who did not remove them or do any act except to permit them to remain in the building, the owner of the goods cannot maintain an action of trover without first making demand and being met with a refusal by the defendant to deliver.

2. In determining whether the goods are fixtures and part of the real estate, the rule declared in *Feder* v. *Van Winkle*, 8 *Dick. Ch. Rep.* 370, applies.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices VAN SYCKEL, FORT and PITNEY.

For the plaintiff, *Herbert A. Drake.*

For the defendant, *David J. Pancoast.*

The opinion of the court was delivered by

VAN SYCKEL, J. This is an action of trover to recover the value of what is alleged to be personal property in the Temple theatre.

The defendant held a real estate mortgage on the theatre, under the foreclosure of which it purchased the theatre, and claims certain articles for which this action is brought as part of the real estate.

A verdict was rendered for plaintiff for $8,621.05.

The plaintiff claims title under a subsequent mortgage, which was both a real estate and chattel mortgage.

At the sheriff's sale under the mortgage to the defendant the plaintiff gave notice that the property in question in this suit was personal property and that it would not pass by the sale, but was subject only to the lien of the said second mortgage.

There was no other notice served upon the defendant, nor demand made before this action of trover was instituted.

The goods were left in the theatre, which was lawfully in possession of the defendant, who did not remove the goods or do any act except to permit them to remain where they were, when mortgaged to the plaintiff and when the sale was made under the chattel mortgage which is the basis of his alleged title.

The gist of the action of trover is wrongful conversion by the defendant, without proof of which the action will not lie. *Wykoff* v. *Stevenson,* 17 *Vroom* 326; *Bigelow Co.* v. *Heintze,* 24 *Id.* 69.

The defendant being lawfully in possession of the property, that possession could not become tortious until it had refused upon demand made to deliver them to plaintiff, in the absence of any evidence to show a removal of the goods by the defendant or destruction of them.

For this reason the plaintiff was not entitled to recover.

It is apparent also that the plaintiff recovered the value of some articles which were part of the real estate and passed to the defendant by the sale under its mortgage.

In *Feder* v. *Van Winkle*, 8 *Dick. Ch. Rep.* 370, our court of last resort pronounced the rule which distinguishes between chattels which become part of the realty and those which retain the character of personalty to be as follows:

"There must be actual annexation, with an intention to make a permanent accession to the freehold, but it is not necessary that there be an intention to make the annexation perpetual.

"The intention must exist to incorporate the chattels with the real estate for the uses to which the real estate is appropriated, and there must be the presence of such facts and circumstances as do not lead to, but repel the inference that it is intended to be a temporary annexation."

The building was erected and used as a theatre, and whatever was incorporated with the building to fit it for use as a theatre became part of the realty.

As in the case of *Feder* v. *Van Winkle, supra*, a number of the valuable chattels in this case, such as the range, the dynamos for lighting, the engines, the permanent seats and other things were actually annexed to the freehold, fitted for and applied to the use to which the real estate was appropriated, all being necessary to the prosecution of a common purpose and adapted to permanent use as part of the structure.

A heater and range are fixtures, although but slightly attached to the building, if put in by the owner of the premises with the intention of making them such. *Erdman* v. *Moore*, 29 *Vroom* 445.

Applying this rule to the case, the verdict was against the weight of evidence.

The rule to show cause should be made absolute.