## O'DONNELL v. UNITED STATES.
### No. 4698.

Circuit Court of Appeals, Third Circuit.
March 10, 1932.

Patrick J. Friel, of Philadelphia, Pa., and Walter S. Keown, of Camden, N. J., for appellant.

Phillip Forman, U. S. Atty., of Trenton, N. J., and Samuel G. Cohen, of New Brunswick, N. J., for the United States.

Before DAVIS, Circuit Judge, and McVICAR and AVIS, District Judges.

DAVIS, Circuit Judge.

This is an appeal from the District Court ordering certain beer and property of the claimant, O'Donnell, to be forfeited and destroyed under section 25, title 2, of the National Prohibition Act (27 USCA § 39).

Several government agents, on a general tour of inspection, discovered the claimant's brewery, which they allege, was operating in violation of the terms of its permit and the law. They seized the property of the brewery, made an inventory thereof, and posted a guard on the premises. Afterward this proceeding was begun to condemn the property listed in the inventory.

The claimant of the seized property raised two questions on which he relies for reversal of the decree. The first one is whether or not property acquired after the seizure and not listed in the inventory may be forfeited in this proceeding.

In the goods sought to be forfeited and listed in the libel were included certain fungible goods which had not been seized and which were not contained in the inventory made at the time of the seizure. The machinery and utensils seized were correctly listed in the libel. The discrepancies in the listing of the fungible goods resulted from the operation of the brewery after the sei-

zure under an order of the District Court restraining the Prohibition Department from interfering with the brewery's legitimate operation until its permit had been revoked or expired. During these further operations and until its permit was revoked and the restraining order set aside, the brewery used the beer, malt, hops, and supplies that had been seized. In order to continue operating the plant, new supplies were necessary, and so they were ordered and kept on hand. When the United States Marshal took possession of the brewery under forfeiture proceedings, his inventory did not include the same fungible goods which were seized by the prohibition agents, but did include those purchased during the subsequent operation. These subsequently purchased goods were condemned in the forfeiture proceedings.

█ It is evident that property may not be forfeited which has not been seized. A new seizure would be required to reach the beer, malt, hops, and supplies in question which had not been seized.

█ The second question relates to the adequacy of the charge to the jury as to what constitutes personal and real property.

It is conceded that the machinery and utensils listed were rightfully condemned if they were personal property. The government contends that there was substantial evidence as to the character of the property on which the court properly instructed the jury. The evidence showed that some units of the machinery and utensils were bolted to the floor, and that pipes had to be disconnected in order to remove them, but in the opinion of one government witness on this question all of the machinery could be removed from the brewery without injuring the building. The learned trial judge instructed the jury on this point as follows: "Now realty, gentlemen of the jury, of course includes land and buildings and fixtures which are permanently attached to the realty. A fixture, or what would be personal property, if it is permanently attached to a building, so that it cannot be removed without injury to the building, without injury to the real estate, is itself real estate. Now any movable property in a building which is not permanently attached to the building itself, which may be removed without any injury or damage to the building itself, is personal property."

This instruction was inadequate. In New Jersey a chattel becomes a fixture: (1) If it be affixed to the realty; (2) if it becomes a part of the use or purpose to which the realty is applied; and (3) if it be intended that the chattel become a permanent part of the realty. Feder v. Van Winkle, 53 N. J. Eq. 370, 33 A. 399, 51 Am. St. Rep. 628; Knickerbocker Trust Company v. Penn Cordage Company, 62 N. J. Eq. 624, 639, 50 A. 459; Temple Company v. Penn Mut. Life Insurance Company, 69 N. J. Law, 36, 54 A. 295. It is obvious that the above instruction to the jury as to what constitutes real estate in New Jersey was inadequate.

In the case of Scheifele and Ricker v. Schmitz, 42 N. J. Eq. 700, 1 A. 698, 11 A. 257, it was held that the steam engine, boiler, beer kettle and connecting pipes, the cooler, the maltmill, the mash tub, and two pumps connected therewith, the windmill and its attachments, and all the machinery connected with the gearing by cogs, were fixtures and part of a brewery's real property.

In the case at bar, the inventory of the machinery and utensils includes boilers, refrigerating equipment, a steam engine, pumps, mash tubs, a washer, coolers, and all necessary equipment used in a modern brewery. The facts in this case are practically identical with those in the Scheifele Case.

Edwin J. Holland holds a mortgage on the brewery and has filed a petition for permission to intervene. He alleges that he first learned of this libel proceeding by reading a newspaper account of the decree of the lower court ordering the property to be forfeited and destroyed. He is allowed to intervene.

The decree of the District Court is reversed, and a new trial granted.